UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RINKU SHARMA (A-246-621-818),

Petitioner,

v.

CHRISTOPHER CHESTNUT, Warden of the California City Detention Facility, et al.,

Respondents.

Case No. 1:26-cv-0621 DC-CSK

FINDINGS AND RECOMMENDATIONS

Petitioner Rinku Sharma (A-246-621-818), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 1.) Petitioner entered the United States on March 4, 2023, was initially detained by DHS, and released on an Order of Release on Recognizance pursuant to 8 U.S.C. § 1226. (Id.; ECF No. 1-3) On December 23, 2025, petitioner was arrested and re-detained by U.S. Immigration and Customs Enforcement ("ICE") in the parking lot of his apartment complex. (ECF No. 1.) The petition challenges his re-detention as violating his procedural and substantive due process rights under the Fifth Amendment and the Immigration and Nationality Act ("INA"). (Id. (claims one through three).) The petition also raises a Fourth Amendment claim (claim four). (Id.) For the following reasons, this Court recommends that the

petition be granted.

## I. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II. DISCUSSION

On January 25, 2026, petitioner filed a verified habeas petition[1] and a motion for a temporary restraining order. (ECF Nos. 1, 2.) On January 26, 2026, the district court directed respondents to respond to petitioner's motion for a temporary restraining order and "substantively address whether any provision of law or fact in this case would distinguish it from this court's decisions in Selis Tinoco v. Noem, et al., 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025), D.L.C. v. Wofford, et al., 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026), and other similar cases previously decided by this court." (ECF No. 4.)

On January 27, 2026, respondents filed an opposition to the motion for a temporary restraining order. (ECF No. 8.) In the opposition, respondents argued that detention was lawful under the Constitution and the INA, but also acknowledged that they did not have legal arguments or material facts distinguishing this case from those identified by the district court.

---

[1] Petitioner filed a verified habeas petition. (ECF No. 1 at 14.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)). Respondents do not contest petitioner's factual allegations. (See ECF Nos. 8, 12.)

(See id.) On January 28, 2026, the district court noted respondents' concession that there are no factual or legal issues in this case that render this case distinct from both cases cited in the January 26, 2026 order, granted petitioner's motion for a temporary restraining order, and issued a preliminary injunction. (ECF No. 9.) In addition to granting petitioner's immediate release, the district court enjoined and restrained respondents from "impos[ing] any additional restriction on [petitioner], such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;" and "[i]f the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered." (Id.) The district court referred this action to the assigned magistrate judge for further proceedings. (Id.) Petitioner was released from ICE custody on January 29, 2026. (ECF No. 11.)

The parties submitted additional briefing. On March 13, 2026, respondents submitted a response to the petition arguing that the petition should be dismissed as moot. (ECF No. 12.) On March 16, 2026, petitioner submitted a reply. (ECF No. 13.) Briefing is closed. (See Docket.)

After the petition was fully briefed, the Ninth Circuit decided Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026). In Rodriguez Vazquez, the Ninth Circuit rejected respondents' argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at 1165. Therefore, respondent's argument that petitioner's re-detention was lawful fails.

Given Rodriguez Vazquez and where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order and request for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that petitioner was subject to 8 U.S.C. § 1226, not § 1225(b)(2) (claim three), and that respondents violated petitioner's procedural Fifth Amendment due process rights by re-detaining him and continuing to detain him without a hearing (claim two). See Rodriguez Vazquez, 183 F.4th 1160; ECF No. 9; Selis Tinoco v. Noem, et al., No. 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025), D.L.C. v. Wofford, et al., No. 1:25-cv-01996-DC-

JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026). Respondents' argument that the petition should be dismissed where petitioner has been released fails. Petitioner is correct that the petition is not moot where he was released pursuant to preliminary injunctive relief.

Because the resolution of the statutory (claim two) and procedural due process (claim three) claims provide the relief requested, the Court need not reach the remaining claims.

## III. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2. A permanent injunction be issued enjoining and restraining respondents from re-arresting or re-detaining Petitioner Rinku Sharma (A-246-621-818) absent compliance with constitutional protections, including seven-days' notice and a hearing before a neutral factfinder where respondents demonstrate by clear and convincing evidence that petitioner poses a danger to the community or a flight risk. At any such hearing, petitioner shall be allowed to have his counsel present. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

3. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 8, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/shar.0621.26.frs